TROY A. EID
United States Attorney
District of Colorado
1225 Seventeenth Street
Denver, CO 80202

RICKEY WATSON
MICHAEL G. PITMAN
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 305-7938

UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | |
|---|---|
| Abraham J. Osman, & Dorothy K. Osman,<br><br>Plaintiffs,<br><br>v.<br><br>United States of America,<br><br>Defendant. | Civil No.  06-cv-2318-MSK |

**DEFENDANT UNITED STATES OF AMERICA'S ANSWER**

Defendant United States of America (the "United States"), by its undersigned counsel, hereby responds to the allegations of Plaintiffs' Complaint.  To the extent not specifically admitted below, the allegations in the Complaint are denied.  Answering specifically the numbered paragraphs of the Complaint and utilizing the same paragraph numbering, the United States responds as follows:

1. The United States presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1, and therefore denies the allegations in paragraph 1.

2. The United States admits the allegations in paragraph 2.

3. The United States admits the allegations in paragraph 3.

4. The United States admits the allegations in paragraph 4.

5. The United States presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5, and therefore denies the allegations in paragraph 5.

6. The United States incorporates its responses to paragraphs 1 through 5, above, as if fully set forth herein.

7. The United States presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7, and therefore denies the allegations in paragraph 7.

8. The United States presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8, and therefore denies the allegations in paragraph 8.

9. The United States presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9, and therefore denies the allegations in paragraph 9.

10. The United States presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10, and therefore denies the

allegations in paragraph 10.

11.  The United States admits that Plaintiffs reported installment sale income associated with the sale of Schlosser Tool and Machinery Company in their joint federal income tax returns for tax years 1992 through 1998.  The United States presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11, and therefore denies the remaining allegations in paragraph 11.

12.  The United States presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12, and therefore denies the allegations in paragraph 12.

13.  The United States presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13, and therefore denies the allegations in paragraph 13.

14.  The United States presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14, and therefore denies the allegations in paragraph 14.

15.  The United States presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15, and therefore denies the allegations in paragraph 15.

16.  The United States admits that it received an Application For Tentative Refund from Plaintiffs, seeking claim of right adjustments under 26 U.S.C. § 1341(b)(1) for tax years 1993 through 1998 for a total of $65,421, due to an alleged overpayment of tax

associated with the sale of Schlosser Tool and Machinery Company, on June 6, 2000. The United States presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16, and therefore denies the remaining allegations in paragraph 16.

17. The United States admits that Plaintiffs' representative signed an Acceptance Of Proposed Disallowance Of Claim For Refund Or Credit disallowing the June 6, 2000 Application For Tentative Refund in full on Plaintiffs' behalf on November 27, 2002. The United States presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17, and therefore denies the remaining allegations in paragraph 17.

18. The United States admits that the Plaintiffs submitted a claim seeking an adjustment under 26 U.S.C. § 1341 to their income tax liability for tax year 2000 in the amount of $65,421. The United States presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18, and therefore denies the remaining allegations in paragraph 18.

19. The United States admits that the IRS sent a letter dated January 10, 2002 to Plaintiffs proposing disallowance of the June 6, 2000 Application For Tentative Refund in full. The United States presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19, and therefore denies the remaining allegations in paragraph 19.

20. The United States admits that the IRS Appeals Office in Denver, Colorado, sent a letter dated March 28, 2006 to Plaintiffs informing them that their claim seeking an

adjustment under 26 U.S.C. § 1341 to their income tax liability for tax year 2000 in the amount of $65,421 had been disallowed. The United States presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20, and therefore denies the remaining allegations in paragraph 20.

21. The United States denies the allegations in paragraph 21.

22. The United States presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22, and therefore denies the allegations in paragraph 22.

WHEREFORE Defendant The United States of America, prays as follows:

(a) That Plaintiffs take nothing by their Complaint and that the Complaint be dismissed with prejudice; and

(b) That the United States be granted its fees and costs, and such other and further relief as the Court deems just and proper.

TROY A. EID
United States Attorney

Dated: February 9, 2007        s/ Michael G. Pitman
RICKEY WATSON
MICHAEL G. PITMAN
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 305-7938

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that service of the foregoing DEFENDANT UNITED STATES OF AMERICA'S ANSWER has been made this 9th day of February, 2007, by placing copies in the United States Mail addressed to the following:

>Garret Marsh Francis
>Kevin A. Planegger
>Theodore (Ted) H. Merriam
>Merriam Law Firm, P.C.
>1625 Broadway, #770
>Denver, CO 80202
>303-592-5404
>Fax: 303-592-5439

>s/ Michael G. Pitman
>MICHAEL G. PITMAN
>Trial Attorney, Tax Division
>U.S. Dept. of Justice