IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CIVIL ACTION NO. 06-cv-02318-MSK-MJW

ABRAHAM J. OSMAN, and
DOROTHY K. OSMAN,

        Plaintiffs,

v.

THE UNITED STATES OF AMERICA

        Defendant.

---

**SCHEDULING ORDER**

---

**1. DATE OF CONFERENCE
AND APPEARANCES OF COUNSEL**

The conference was held on March 26, 2007. Kevin A. Planegger, Merriam Law Firm, P.C., 1625 Broadway, Suite 770, Denver, Colorado 80202, telephone (303-592-5404), appeared for and on behalf of the Plaintiffs. Michael G. Pitman, Trial Attorney, Tax Division, United States Department of Justice, P.O. Box 683, Ben Franklin Station, Washington, D.C. 20044-0683, telephone (202-305-7938), appeared (via telephone) for and on behalf of the United States of America.

1

## 2. STATEMENT OF JURISDICTION

This is a suit arising under Section 7422 of the Internal Revenue Code for the refund of income taxes and interest assessed and collected from the Plaintiffs. Jurisdiction is conferred upon the Court by Section 1346(a)(1) of Title 28 of the United States Code. Venue is proper in this Court because the Plaintiffs reside in the state of Colorado.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a.      Plaintiffs: In 1992, the Plaintiffs owned all of the stock of Schlosser Tool and Machinery Company ("Schlosser"). Pursuant to a sale agreement on December 31, 1992, Plaintiffs sold all of their stock in Schlosser to their son and daughter-in-law, Robert J. Osman and Carolyn S. Osman. The value of the company, $1,644,500, was established by an independent appraisal. The $1,644,500 purchase price for the Schlosser stock was bifurcated into (1) a gift of $1,197,196 to fully utilize the Plaintiffs' unified estate and gift tax credit and (2) a sale of $447,304. Robert J. Osman executed a ten-year promissory note in the amount of $447,304 payable to the Plaintiffs for the sale portion of the purchase price. Robert J. Osman made all monthly payments on the promissory note through 1998, and the Plaintiffs reported the sale of the company on the installment method (pursuant to Section 453 of the Internal Revenue Code) on their 1992 through 1998 jointly filed federal income tax returns. Robert J. and Carolyn S. Osman deducted the interest paid on the promissory note as investment interest on their jointly filed federal income tax returns for the years 1992 through 1998.

In 1999, Schlosser's independent auditors discovered accounting errors that pre-dated the

1992 sale of the company and established that the prior independent appraisal substantially overvalued the company. To avoid litigation, the parties agreed to obtain a new appraisal and adjust the price of the company. According to a formal agreement signed on April 18, 2000, the parties agreed that there had been an overpayment of $382,155.26 of principal and interest as a result of the erroneous original appraisal. As a result of the overvaluation, the Plaintiffs overpaid their income taxes for the tax year 2000 and are entitled to recover from Defendant the sum of $65,421, plus interest, no part of which has been repaid to Plaintiffs.

      b.      Defendant: The United States' position is that Plaintiffs are not entitled to a "claim of right" credit under 26 U.S.C. § 1341 because: the alleged overvaluation has not been properly quantified; Plaintiffs had no legal obligation to refund the alleged overpayment; and, even if such an obligation existed, there is no reasonable basis for allocating 100% of the refund to the approximately one-quarter of the business that was sold to the Plaintiffs' son and daughter-in-law, and 0% to the approximately three-quarters of the business that was given to the Plaintiffs' son and daughter-in-law as a gift.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

a. The Plaintiffs reported the sale of the Schlosser Tool and Machinery Company on the installment method (pursuant to Section 453 of the Internal Revenue Code) on their 1992 through 1998 jointly filed federal income tax returns.

  b. The Plaintiffs filed an Application For Tentative Refund on June 6, 2000 for the 1999 tax year pursuant to Section 1341(b)(1) of the Internal Revenue Code to obtain a credit in the 1999 tax year for the alleged overpayment on their 1993 through 1998 returns attributable to the Schlosser stock sale.

  c. The Plaintiffs accepted the IRS decision to disallow the 1999 Application For Tentative Refund.

  d. Plaintiffs filed an Application for Tentative Refund for the 2000 tax year pursuant to Section 1341(b)(1) of the Internal Revenue Code to obtain a credit in the amount of $65,421 for the alleged overpayment on their 1993 through 1998 returns attributable to the Schlosser stock sale.

  e. The Internal Revenue Service sent a letter dated January 10, 2002 to the Plaintiffs proposing full disallowance of the Application for Tentative Refund filed for the 2000 tax year.

  f. The IRS Appeals Office in Denver, Colorado, sent a letter dated March 28, 2006 to Plaintiffs informing them that their claim seeking an adjustment under Section 1341(b)(1) of the Internal Revenue Code to their income tax liability for tax year 2000 in the amount of $65,421 had been disallowed.

## 5. COMPUTATION OF DAMAGES

  The Plaintiffs seek a refund of federal income taxes for the tax year 2000 in the amount of $65,421, plus interest, no part of which has been repaid to the Plaintiffs.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.  The rule 26(f) meeting was held on February 28, 2007.

b.  Kevin A. Planegger, Merriam Law Firm, P.C., 1625 Broadway, Suite 770, Denver, Colorado 80202, telephone (303-592-5404), appeared for and on behalf of the Plaintiffs. Michael G. Pitman, Trial Attorney, Tax Division, United States Department of Justice, P.O. Box 683, Ben Franklin Station, Washington, D.C. 20044-0683, telephone (202-305-7938), appeared for and on behalf of the United States of America..

c.  Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1): None.

d.  The rule 26(a)(1) disclosures were made on or before February 19, 2007.

e.  At this time, there are no agreements to conduct informal discovery, including joint interviews with potential witnesses, exchanges of documents, and joint meetings with clients to discuss settlement.

f.  The parties do not anticipate that their claims/defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

## 7. CONSENT

The parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings: May 4, 2007.

b. Discovery Cut-off: August 1, 2007.

c. Dispositive Motion Deadline: September 7, 2007.

d. Expert Witness Disclosure

(1) State anticipated fields of expert testimony, if any: None anticipated at this time.

(2) Limitations proposed on the use or number of expert witnesses: Each ~~party~~ *side* shall be limited to no more than two expert witnesses.

(3) The parties shall designate all experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before May 31, 2007.

(4) The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before June 29, 2007.

(5) Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the court.

e. Deposition Schedule: ~~No depositions have been scheduled at this time.~~ *To be submitted to the Court by April 6, 2007.*

f. Interrogatory Schedule: Interrogatories shall be submitted no later than June 1, 2007, with responses due thirty days after service, plus three days if mailed.

6

g. Schedule for Request for Production of Documents: Requests for Production of Documents shall be submitted no later than June 1, 2007, with responses due thirty days after service, plus three days if mailed. *Request for Admissions shall be served by August 24, 2007.*

h. Discovery Limitations:

(1) The parties do not propose any limitations on the number of depositions. *Eight (8) Fact Depositions plus the experts per side.*

(2) The parties do not propose any limitations on the length of depositions. *7 Hour Maximum per Deponent*

(3) Modifications which any party proposes on the presumptive numbers of ~~depositions or~~ interrogatories contained in the federal rules: ~~None.~~ *25 each per side*

(4) Limitations which any party proposes on number of requests for production of documents and/or requests for admissions: ~~None.~~ *25 each per side*

(5) Other Planning or Discovery Orders: None at this time.

## 9. SETTLEMENT

The parties certify here that, as required by Fed. R. Civ. P. 26(f), they have discussed the possibility for a prompt settlement or resolution of the case by alternative dispute resolution. The parties will update the Court of any progress in settlement discussions.

The parties stipulate that the Tax Division's trial attorney will be present at any settlement conferences in this matter, and that the Chief of the Tax Division's Civil Trial Section – Western Region, will be available by telephone at any such settlement conferences.

## 10. OTHER SCHEDULING ISSUES

a. Discovery or scheduling issues, if any, on which counsel, after a good-faith effort,

7

were unable to reach an agreement: None.

    b.    The parties anticipate a three day trial; the trial is to a jury.

### 11. DATES FOR FURTHER CONFERENCES

a. A settlement conference will be held on __July 30, 2007__ at __1:30__ o'clock _p_.m.

It is hereby ordered that all settlement conferences that take place before the magistrate judge shall be confidential.

    ( )    *Pro se* parties and attorneys only need be present.

    (X)    *Pro se* parties, attorneys, and client representatives with authority to settle must be present. (NOTE: This requirement is not fulfilled by the presence of counsel. If an insurance company is involved, an adjustor authorized to enter into settlement must also be present.)

> The parties stipulate that the Tax Division's trial attorney will be present at any settlement conferences in this matter, and that the Chief of the Tax Division's Civil Trial Section – Western Region, will be available by telephone at any such settlement conferences.

    (X)    Each party shall submit a Confidential Settlement Statement to the magistrate judge on or before __July 25, 2007__ outlining the facts and issues, as well as the strengths and weaknesses of their case.

    b.    Status conferences will be held in this case at the following dates and

times:

_____

_____

c.  A final pretrial conference will be held in this case on

at _____ o'clock ___.m.  A Final Pretrial Order shall be prepared by the parties and

submitted to the court no later than five days before the final pretrial conference.

→ To be set by Judge Krieger

### 12. OTHER MATTERS

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any notice of withdrawal, notice of substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures established by the judicial officer presiding over the trial of this case.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

### 13. AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order may be altered or amended only upon a showing of good cause.

DATED this 26<sup>T</sup> day of March 2007.

BY THE COURT:

/s/ Michael J. Watanabe
United States Magistrate Judge
**MICHAEL J. WATANABE**
**U.S. MAGISTRATE JUDGE**
**DISTRICT OF COLORADO**

APPROVED:

| FOR PLAINTIFF: | FOR THE UNITED STATES OF AMERICA: |
|---|---|
| /s/ Kevin A. Planegger | /s/ Michael G. Pitman |
| KEVIN A. PLANEGGER, Esq. | MICHAEL G. PITMAN |
| Merriam Law Firm | Trial Attorney, Tax Division |
| 1625 Broadway, Suite 770 | U.S. Department of Justice |
| Denver, CO 80202 | 555 4th Street, NW |
| Telephone: (303-592-5404) | Washington, D.C. 20001 |
| Attorney for Plaintiff | Telephone: (202-353-0300) |
| | Attorney for Defendant (or Defendant, *Pro Se*) |