IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-02318-MSK-MJW

ABRAHAM J. OSMAN, and
DOROTHY K. OSMAN,

      Plaintiffs,

v.

THE UNITED STATES OF AMERICA,

      Defendant.

_____

**OPINION AND ORDER GRANTING, IN PART, MOTION TO VACATE
FINAL PRETRIAL CONFERENCE**
_____

      **THIS MATTER** comes before the Court pursuant to the Defendant's Unopposed Motion to Reschedule Final Pretrial Conference **(# 34)**.

      The parties move to continue the Final Pretrial Conference, set for January 4, 2008, until the Court has ruled on the Defendant's pending motion for summary judgment. The Court finds

that no good cause has been shown for the relief requested,[1] and in that respect, the motion is denied.

However, the Court observes that the parties have failed to comply with the March 26, 2007 Pretrial Preparation and Trial Setting Order **(# 14)**, by failing to submit a joint Proposed Final Pretrial Order at least 14 days prior to the Final Pretrial Conference.  As far as the Court can determine, the parties have neither sought nor were granted leave to delay its submission. Without a Proposed Final Pretrial Order, the issues pertaining to the Final Pretrial Conference and the setting of a trial cannot be addressed.

Accordingly, the Court vacates the Final Pretrial Conference set for January 4, 2008, and resets it for **4:00 p.m.** on **January 31, 2008**.  At least 14 days prior to the conference, the parties shall **file** a Proposed Final Pretrial Order as set forth in the Pretrial Preparation and Trial Setting Order.  **The parties are advised that failure to file the Proposed Pretrial Order as directed**

---

[1] The Court notes that the Defendant's Motion for Summary Judgment was filed on September 9, 2007, but both parties thereafter sought and obtained **(# 28, 31)** extensions of time to respond or reply.  This resulted in the motion not being fully briefed until November 9, 2007.  As the Court's Practice Standards advise, by seeking additional time to brief the matter, the parties consume time that the Court has set aside for consideration of the motion, and thus, extensions of established briefing schedules may result in the Court being unable to determine the matter prior to the Final Pretrial Conference. *See MSK Practice Standards (Civil)*, § II.G.

In addition, the pendency of a dispositive motion generally does not justify a continuance of a Final Pretrial Conference.  Usually, the potential outcomes on the dispositive motion can assessed, and a trial and other deadlines can be set. The Defendant's argument in the instant motion that, absent a ruling on the summary judgment motion, "the parties will not be in a position to determine which claims and affirmative defenses will be tried, which facts are disputed, and what evidence will be presented" is particularly unpersuasive in this case.  Here, the Defendant contends in its Motion for Summary Judgment that no trial is necessary, at all.  Thus, at the Final Pretrial Conference the outcomes are limited to two. If the Motion is granted, no trial is necessary and the trial date can be vacated; if the Motion is denied, the trial will proceed on all issues and should be set.  Certainly, the parties are able to advise the Court as to what amount of time a trial on all issues will require and to set a trial.

**may result in the imposition of sanctions, up to and including dismissal of the action and/or entry of default.** No extensions of time to file the Proposed Pretrial Order will be granted.

Accordingly, the Motion to Vacate the Final Pretrial Conference **(# 34)** is **GRANTED IN PART**, insofar as the Court **VACATES** the January 4, 2008 conference due to the parties' failure to comply with the Pretrial Preparation and Trial Setting Order, and **RESETS** the Final Pretrial Conference to 4:00 p.m. on January 31, 2008, and **DENIED IN PART** in all other respects.

Dated this 2nd day of January, 2008

**BY THE COURT:**

Marcia S. Krieger
United States District Judge